Good morning, may it please the court. My name is Christina Hellman and I represent the petitioner Chris Martin. I'd like to reserve two minutes for rebuttal For many people guns are scary for all of us Domestic violence assaults are scary, but placing guns and domestic violence assaults together is terrifying Mr. Martin's trial placed these two elements together Solely because his counsel failed to file a meritorious motion to sever the felon in possession of firearm charges The motion to sever would have been reversible error to deny under Oregon law. It was meritorious Mr. Martin has this established performance problems under Strickland To prove prejudice. He must only demonstrate a reasonable probability of a different outcome and the briefs discussed several ways in which he was prejudiced But this morning I'd like to focus on the way in which the felon in possession charges prejudiced the trial as a whole This trial was all about Intent and credibility. Who was the jury gonna believe? Mr. Martin or Miss Comer when the jury was evaluating this What they knew is that? Mr. Martin was a felon He was a bad guy and they knew that there were guns there were guns stashed in the truck and there were guns stashed in the house However, the guns had nothing to do with the assault charges the trial court recognized that specifically at sentencing When you consider when the jury is weighing and balancing the evidence in this case The balance was off because of counsel's failure That was prejudicial to mr. Martin. Didn't the jury acquit? Mr. Martin of some of the charges? even in the face of overwhelming evidence Which might suggest that Martin was actually Were not prejudiced by the failure to sever the charges Yes, your honor. The jury acquitted him on two charges an assault one and interfering with a report The assault one acquittal though likely as the district attorney recognized came from failure of some sort in the charge At the conclusion of the case the district attorney himself said that he believed that was a close call even from grand jury So the mere fact of an acquittal on that charge does not mean that he was not prejudiced Again, also when they're thinking about the rest of the charges prejudice is not an all-or-nothing thing It's not necessarily only that they just decide he's bad and will convict on everything But when they're thinking about whether they're going to believe him or believe her They've tipped the balance against Believing him because of what was also included if you think about it in this way if they had gone into his home When they were looking for her and then searching for him and the walls had been plastered with awards and signs that talked about how what a great guy he was and how he had contributed so much to the community and he was you know this upstanding citizen the jury would view his testimony in a different light and Instead what they viewed it through was a lens that did not exist in the case. And so yes the acquittal May at first seem as though there was no prejudice, but if you look at it the other way It also shows that the entire case against. Mr. Martin was not necessarily a slam-dunk that the jury was not just routinely deciding to convict him, but they were also Doing their job But while they were doing their job they were looking at it in a false way he got the prior convictions Could not have come in Anyway in the trial he did testify. Yes. He did your honor Would the prior convictions have come in? No your honor. He would have had a good reason to not have them come in Oregon Evidence Code 609 governs the admissibility of Impeach and it is true that charges and convictions governed Convictions for which a person can be imprisoned for more than a year can come in however subsection 3 of that Evidence rule says that if the charges are more than 15 years old They are not available for impeachment. So under the same argument as I made in the briefs why the charges should not have been brought at Mr. Martin would have had a reason to be able to testify but not have the jury know that he was a felon But there were other Violent prior acts That could have come in with regard to his acts as I understand it with regard to this particular victim his prior Against her Your honor, I believe that may be true, but I haven't looked directly at it I believe that that same Oregon evidence rule may have allowed some of that to come in But I don't believe that those were felony charges. Did they involve guns? No, I don't believe so your honor You know as I was reading this Trying to figure out why the council was reluctant To argue the staleness of the prior felony conviction I really questioned whether it was actually waived because The fact that his counsel might have known a lot more And it had good reasons for not raising it because of Mr. Martin's prior records You have any comments or anything in the record to give us any insight on this? I Yes, and no your honor There is nothing in the record to give us insight as to what you're asking whether counsel knew something additional What we have in the record is trial counsel's affidavit in which he explains his reason for not filing this motion and he says this is that supplemental excerpt of record page 18 I Did not move to sever when the police responded to the victim's 9-1-1 call One gun was found in petitioners truck and two were found in the home petitioner shared with victim That's trial counsel's entire explanation on this why he did not move to sever Doesn't give any reason why he believed that there were additional problems with filing a motion to sever nor does he actually accurately assess the situation the fact that the guns were found only after the Assault was alleged to have been completed Means that the charges were not properly joined under Oregon law at all So that's what we have in the record to evaluate counsel's decision So ultimately the case comes down to a prejudice question. Yes, it does your honor and It's a prejudice based on IAC prejudice. I a reasonable probability the result would have been different That's correct your honor. And what would you tell us about that? We had the trial judge here was very emphatic about the fact that he found the That he was quite sure it would have been the same anyway Your honor when you say the trial judge, do you mean the district court in this case or the state court? That's correct the district court believed that the case would have come out Would not there would have been no reasonable probability of a different outcome But the district court was incorrect in making that determination because he focused first on the acquittal which as I've explained does not Necessarily mean that there was no prejudice and second he focused on the fact that Miss Comer's testimony was strong as he characterized it and also supported by the medical evidence And so in response, I have two points to make on that first The fact that Miss Comer's testimony was strong Part of that support comes from a letter that trial counsel wrote to his client at the conclusion of the case Explaining how he viewed the evidence But you should consider that letter in terms of the motivations for counsel and writing that the letter was itself attached to an affidavit That count that trial counsel submitted in the post-conviction case defending against charges of ineffective assistance. So that Characterization of strong really needs to be considered where but I thought it was written To explain his assessment about an appeal that's why it was written It may have been attached to something later, but it was not written in that context It that's correct your honor. It was written to discuss the appeal, but it was also written at the close of a trial in which this attorney had just been unsuccessful in defending the client and so Even if it was an assessment of evidence, it is viewed through that lens But also The idea that her testimony was strong and that was supported by the doctor The doctor's testimony did not go unchecked trial counsel cross-examined him and was able to get him to discuss some different Potential ways you could look at the evidence and if she gave strong testimony It was all the more necessary for mr. Martin to have a trial that did not tip the scales Improperly in his favor if she is presenting a strong front He needed to present a strong front and because of what trial counsel did he didn't have that and I see that I'm almost Out of time. Thank you very much May have sees the court Patrick Abbott for the state of Oregon The bottom line argument in the state's case in this is prejudice. Um, but I do want to say a few words About the joinder issue first All the charges in this case arose out of the same act of transaction. Well, not really well, I Respectfully disagree. I found them at the same time, but they they weren't His assault had nothing to do with guns. It didn't but I don't think in Oregon That's what is required in Oregon charges arise out of the same act of transaction They're so closely linked in time place or circumstance That a complete account of one cannot be related without relating the details of the other charges Why they just just tell the whole story of the assault and stop. Why do you have to get into the guy? Well, I think the phrase I want to focus on is complete account and that it's not just the bare elements of the offense It's the complete narrative, right? It was all over and then after that thing they went off and looked in the car But I think this state the state doesn't have to try its case in this in a vacuum where we we don't understand The context of why people are doing certain things and I think in this case Witnesses possible that the assault would be relevant to the guns, but not that the guns is relevant to the assault. Well, I think Not not the specific assault itself. I think you can Try the case Without mention of the guns and but you were leaving the jury with big blanks in the narrative of the case Okay This is a domestic violence case one thing that's always critical in domestic violence cases is that the victim doesn't behave the way a Traditional jury thinks a victim is going to be a traditional victim of a crime is going to behave and this is that's certainly true in this case the victim calls 9-1-1 reporting that she's worried that this that the Petitioner is going to is going to hurt himself It's understood from that 9-1-1 call that she's also mentioned that he's gonna hurt the reason she's concerned is because he's got guns with him Later after this violent assault takes place She he leaves the truck. She stays in the truck She explains to the court why she moved goes into the house and follows him into the house Something that we would a jury would certainly think was very odd behavior for someone who's just been victimized But she explains why she says I went I followed him into the house because I was worried He'd said he was going to commit suicide. I went into the house Because I knew there were guns in the house and I was worried. He's going to hurt himself That's what she told the first officer. She interviewed who interviewed her There without that we she could testify without mention of guns or that testimony could be submitted Isn't the guns it's the prior convictions well petitioners talked a lot about guns in her inner can't get the prejudice of the guns and Prior convictions are an issue to it. There are two way The two ways of potential prejudice guns and prior convictions both I think are really limited in this case the Prior conviction was for a theft. That was that that was the predicate conviction for the for the felon for the felon in possession however in this case Defendant when he testified freely admitted that he had been convicted of assaulting the victim in the past And that's why he even explaining trying to explain his actions explained why he hid in the closet because he knew he was on probation He knew was supposed to be having contact with the victim You know, I had to ask the question about that and deals with the stainless of all of this What do you make of the record that we have regarding the termination of his parole? Martin's parole Why shouldn't we conclude based on the record before us that Martin's parole for his theft conviction? terminated in September of 1987 a few reasons Procedurally the claims defaulted he raised the claim Before the post-conviction trial court in Oregon before the posting and a pro se brief before the post conviction Well, the question is whether the council was ineffective. So this is the post. This is the post conviction Element But you still have your if you exhaust your the question is whether counsel was ineffective But you have to exhaust your ineffectiveness claim in state court first He did not raise this claim before the Oregon Supreme Court Therefore the claim was defaulted on the merit being that there shouldn't have been able to be a pro a that that whole Accusation shouldn't listen improper one altogether aside from the severance, right? Yeah. Yeah, and it was it was it was it was exhausted Count and counsel not exhausted. I'm sorry. I thought you're saying sorry. It was unexhausted. Sorry It was not exhausted Counsel attempted attempts to say that in her in her brief that he in It was somehow refined on before before the federal district court so she can be phrased as a refinement of the of the severance issue, but That's not a refinement. That's a completely different issue And I think the district court did a good job of explaining that on in any event on the merits The evidence showed that his probation but for the 15-year rule for Felonies in the pin that for purposes of the felony possession of firearm statute the clock the 15-year clock doesn't start ticking until the termination of one's probation in this case his probation wasn't terminated the evidence record indicated his probation hadn't terminated until Within that 15-year period so on the merits It's it We haven't talked at all about the prejudice issue, I'm sorry, we haven't not talked at all about the prejudice issue Why isn't? Your opponent's essential point correct, that is that There was an essential credibility issue here on a very fine-cut basis in that that they there was not It's really exactly how the Interaction occurred not whether it occurred and so on and so therefore the assessment of the defendant's Credibility was really the whole case This wasn't just a he said she said case. It was a she said plus a mountain of physical evidence plus It's a really compelling testimony from an ER doctor versus What strikes me about it? Is that it was I mean the doc the the defendant did not deny that he hit her and he could have hurt her there it was some but he had he had an explanation for why and there was a difference as To whether she was lying down or lying up and whether he was wearing his cowboy boots well, it wasn't wearing his cowboy boots, but it wasn't a It was a difference in motivation and degree and not whether it occurred so that the corroboration Helps for sure, but it doesn't decide the whole case Well, he said that he had he was attempting to hold her for keep her from jumping out of the truck And that was any injury must have resulted from that and she was on her stomach And he had was trying to pin her with his boots When when the ER doctor was given a hypothetical scenario if that would explain the injuries he's bluntly said no He said this was the only explanation of these injuries was a brutal attack And that was not the story that he gave on hit in his testimony On her version was he driving the whole time I'm sorry on her version was he driving the whole time and Her version she no he was stopped He was I mean one of the one of the sort of implausible aspects in the truck I'm sorry when she started to get out of the truck. It was stopped Initially it was when she started to get out of the truck. It was moving, but the truck was eventually stopped when the when the real Stomping exit she attempted to exit she attempted the exit when is moving I think she said she tried to jump out of the truck while it was moving the truck stopped and he proceeded to Stomp on her repeatedly he His story was and this is one for implausible things about his story was that he was he testified that he was Holding he held her with his right leg while he was heavy If the truck was moving he held her with his right leg while he had his left foot on the accelerator a sort of gymnastic thing that really belied any sort of Plausibility The When they just want to touch on before before I and is other thing that's important members the Prejudice the aspects of produce prejudice are really limited in here in this case They these were hunting rifles in a rural county, you know In in the back of a truck. These weren't assault weapons These were not the kind of thing that would be explode the practically guns would not be explosively prejudicial the prior conviction as I indicated earlier was Far less prejudicial than what he admitted to in terms of his prior conviction against the against the victim That is all I had unless the court has any further questions Thank you very much It's telling you're gonna get to what you're gonna get to but at a point before you sit down you want to tell Hit on the prejudice point if you can your honor, I'd be happy to do so I have about 24 seconds I'll give you a minute in 24 seconds. Thank you very much your honor I'd like to make two points before I turn to the prejudice very quickly First of all on the joinder issue the trial court the state trial court specifically recognized quote It's significant as I previously noted that the firearms didn't play any direct role in the offense close quote That's at my supplemental excerpt up page 1 under 28 USC 22 54 e this court gives deference To that factual finding and I think that's supported in the law as well, too It's absolutely correct as your honors questions have pointed out that the core question was intent the most esoteric and not able to physically prove question and On that it did matter a lot about his prejudice In terms of the medical evidence, I'll specifically point you to excerpt of record 131 Where the doctor says that there could have been an alternative explanation for the mark on her chest She could have fallen against a stick which I read to be Perhaps the gearshift the evidence though that he had his foot under it. Well, it is likely to come in That's true. Your honor. I think all of the physical evidence is likely to come in But but again It's if he admits to fact that he also had two guns hanging in the back of the truck in your view turn the case rather than brutality of the attack Yes, your honor. We have to decide that in order to find prejudice. Don't we do it? Yes, and no your honor I presented some alternative Arguments in the briefs for why you could find prejudice merely on the fact of the convictions alone So if you did not want to reach whether that was the turning point you could decide it on that basis but if you're going to reach if you're not going to consider those and you're going to go straight to this question of whether the Guns and his prior felony conviction prejudice the case. Yes, you would have to find that that's what tips the balance But only in terms of we have to and that's one of the questions We would have had have to find that there was a reasonable Probability that it could have kept the balance and in fact the district court seemed to have done it the other way That that's correct your honor And that's what I was also going to reinforce is that the Strickland reasonable probability test is not a but for it's not a Absolute proof. It's not even a preponderance. It's just a reasonable probability and under the facts of this case Those things there was a reasonable probability of this prejudice one final very quick thing on excerpt of record 83 Miss Comer testifies that she did not remember whether the truck was moving or not. And so that is Still, you know potentially your argument about just so I'm clear and I know I'm using your time before our time up Years your Explanation of having to decide this without getting to prejudice really is that the conviction was just wrong anyway But that doesn't seem to be an exhaustive question It is isn't that your argument that that? Because he really wasn't it really was more than 15 years before and it shouldn't have been a conviction at all Yes, your honor. My position is that that is just an argument in support of the prejudice and not another claim Understand that's an issue in this case, but yes, okay. Thank you very much. Thank you. Your honor Thank you counsel the case of Martin vs. Mills is submitted and we go to the last case of the day Alexandra vs. Astro
judges: Farris, Nelson D. W., Berzon